IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LLOYD H. PETERSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of<br>the Social Security Administration,<br><br>　　　　　Defendant. | CV 19-142-BLG-TJC<br><br>**ORDER** |

　　　　Plaintiff Lloyd H. Peterson ("Plaintiff") has filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") regarding the denial of his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383f.  (Doc. 2.)  The Commissioner has filed the Administrative Record ("A.R.").  (Doc. 7).

　　　　Presently before the Court is Plaintiff's motion for summary judgment, seeking reversal of the Commissioner's denial and remand for an award of disability benefits, or alternatively for further administrative proceedings.  (Doc. 12.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 13, 14.)

For the reasons set forth herein, and after careful consideration of the record and the applicable law, the Court finds the ALJ's decision should be **REVERSED**.

## I.     PROCEDURAL BACKGROUND

This matter is before the Court for a second time.  Plaintiff previously appealed the denial of his request for benefits to this Court on January 16, 2018. *See Peterson v. Berryhill*, CV 16-07-TJC, Docket No. 2 (D. Mont. Jan. 16, 2018); (A.R. 547-549.)  In the prior case, the Court determined Administrative Law Judge Michele M. Kelley (the "ALJ") failed to adequately consider the opinion of Darryl Espeland, D.O., erred in weighing Plaintiff's credibility, and found the ALJ's determination at step five was not supported by substantial evidence.  (A.R. 551-590.)  The Court, therefore, reversed the Commissioner's decision and remanded the matter for further proceedings.  *Id.*

On remand, the ALJ held a second hearing on September 10, 2019.  (A.R. 419-455.)  On September 25, 2019, the ALJ issued a written decision finding Plaintiff disabled as of June 25, 2019, but not prior to that date.  (A.R. 393-409.)  Thereafter, Plaintiff filed the instant action.  (Doc. 2.)

Plaintiff argues the ALJ ignored this Court's remand order and again committed reversible error by (1) failing to properly evaluate the medical opinion evidence; (2) improperly discrediting his testimony; and (3) failing to incorporate all of his impairments into the vocational expert's hypothetical questioning.

2

## II.   LEGAL STANDARDS

### A.   Scope of Review

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision.  42 U.S.C. §§ 405(g), 1383(c)(3).  The scope of judicial review is limited.  The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error."  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).  *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence."); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence is more than a mere scintilla but less than a preponderance."  *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)).  "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."  *Flaten*, 44 F.3d at 1457.  In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).  The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational

interpretation, one of which supports the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary."). However, even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a conclusion. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

In addition, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989). Given the nature of the current review, it is also important to note that the "the law of the case doctrine and rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case." *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016). *See also Nolte v. Astrue*, 2012 WL 4466558, *2 (D. Ariz. Sept. 27, 2012) ("Courts reviewing Social Security cases after a limited remand have refused to re-examine issues settled by a district court's prior order.").

B. **Determination of Disability**

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) the claimant suffers from a medically determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work she previously performed, or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). A claimant must meet both requirements to be classified as disabled. *Id*.

The Commissioner makes the assessment of disability through a five-step sequential evaluation process. If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further. *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)). The five steps are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, then the

  claimant is disabled.  If not, proceed to step four.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is not disabled.  If not, proceed to step five.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work?  If so, then the claimant is not disabled.  If not, then the claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

**III. THE ALJ'S FINDINGS ON REMAND**

  The ALJ acknowledged this Court's remand order, and proceeded to follow the five-step sequential evaluation process in re-considering Plaintiff's claim.

  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 7, 2013.  (A.R. 396.)  Second, the ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease of the cervical and lumbar spines, compression fracture of the thoracic spine, and carpal tunnel syndrome."  (*Id.*)  Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments.  (A.R. 396-397.)  Fourth, the ALJ stated Plaintiff has the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) as follows: The claimant could lift, carry, push and/or pull twenty pounds occasionally and ten pounds frequently.  The claimant could stand and walk for approximately six hours in an eight-hour day

> and/or sit for approximately 6 hours in an eight-hour day.  The claimant needed to alternate between the sitting, standing and walking during normal work breaks, every two hours.  The claimant could frequently climb ramps, stairs, ladders, ropes and scaffolds.  He could frequently stoop.  The claimant could frequently handle, finger, feel with his bilateral upper extremities.  The claimant should have avoided concentrated exposure to extreme temperatures, vibrations and work hazards.  The claimant could understand, remember, and carry out simple and detailed tasks.  He could maintain attention, concentration, persistence, and pace for such tasks [sic] an eight-hour workday and forty-hour workweek.  The claimant could tolerate interactions with supervisors, coworkers, and the public.  The claimant could tolerate usual work settings and changes in routine work setting.

(A.R. 398.)

The ALJ next found that on June 25, 2019, Plaintiff's age category changed to an individual of advanced age under the Medical-Vocational Guidelines (the "Grids").  (A.R. 406.)  The ALJ determined that prior to June 25, 2019, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as cashier, cleaner/housekeeper, and office helper.  (A.R. 407-408.)  Beginning on June 25, 2019, however, the ALJ held direct application of the Grids resulted in a finding of disability.  (A.R. 408.)  Thus, the ALJ found that Plaintiff was not disabled prior to June 25, 2019, but became disabled on that date.  (*Id.*)

/ / /

/ / /

/ / /

## IV.   DISCUSSION

### A.   The ALJ's Evaluation of the Medical Source Evidence

Plaintiff contends that on remand, the ALJ again failed to give proper weight to the opinion of Dr. Darryl Espeland.  The Commissioner counters that the ALJ properly re-considered the medical source evidence.

In assessing a disability claim, an ALJ may rely on "opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995.)  The Commissioner applies a hierarchy of deference to these three types of opinions.  The opinion of a treating doctor is generally entitled to the greatest weight.  *Id*.  ("As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant."); *see also* 20 C.F.R. § 404.1527(c)(2).  "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830.

If the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques, or is inconsistent with other substantial evidence in the record, it is not entitled to controlling weight. *Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007) (quoting Social Security

Ruling 96-2p). In that event, however, the ALJ must consider the factors listed in 20 C.F.R. § 404.1527(c) to determine what weight to accord the opinion. *See* Social Security Ruling 96-2p. The factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) the specialization of the treating source; and (6) any other factors brought to the ALJ's attention that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)(I)-(ii), (c)(3)-(6).

To discount the controverted opinion of a treating physician, the ALJ must provide "'specific and legitimate reasons' supported by substantial evidence in the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)*; Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ can accomplish this by setting forth "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Reddick*, 157 F.3d at 725.

Previously, the Court determined the ALJ erred in failing to consider Dr. Espeland's opinion that Plaintiff was not destined to remain in his current

9

employment because of his limitations.[1]  (A.R. 573.)  The Court noted that the ALJ incorrectly stated Dr. Espeland did not identify any specific functional abilities or limitations.  (A.R. 573.)  The Court further held the ALJ's finding – that there was only "minimal objective findings regarding [Plaintiff's] back impairment, and inconsistent findings regarding carpal tunnel syndrome" – was not supported by the record, because the objective medical evidence established multiple findings relative to his spinal issues, and Plaintiff's carpal tunnel syndrome was well documented.  (A.R. 573-575.)

On remand, the ALJ repeated her prior error in stating that Dr. Espeland "does not . . . provide specific functional abilities or limitations."  (A.R. 403.)  As the Court previously pointed out, "Dr. Espeland's statement clearly identifies Plaintiff's limitations – 'cooking, being on hard surfaces, lifting, etc.'"  (A.R. 573.)  The ALJ added on remand that Dr. Espeland "has no expertise in vocational factors that comprise the claimant's past work as a cook."  (A.R. 403.)  But regardless of Dr. Espeland's experience in vocational factors, the ALJ still failed to

---

[1] The Court found the ALJ did not err in (1) affording minimal weight to Dr. Espeland's opinion that Plaintiff was likely disabled, and (2) not assigning a specific weight to his opinion that carpal tunnel surgery would help Plaintiff's ability to work.  (A.R. 571-572.)  The Court, therefore, will not revisit these opinions.

consider his assessment of Plaintiff's functional physical limitations, such as his ability to stand/walk on hard surfaces, lift, etc.

The ALJ next stated that Dr. Espeland saw Plaintiff infrequently and for the primary purpose of recertifying his medical cannabis card. (A.R. 403.) The ALJ also stated that Dr. Espeland's examinations were minimal, his objective findings were nonspecific and conclusory, and that he appeared to rely on Plaintiff's subjective reports. (*Id.*) Again, the Court finds the ALJ's conclusions are not supported by substantial evidence.

Since 2011, Dr. Espeland saw Plaintiff at least yearly. (A.R. 353-356; 380; 946-952.) Although Dr. Espeland did recertify Plaintiff for the Medical Marijuana Program, the Court is aware of no authority that holds prescribing medical cannabis is a valid reason to discount a treating provider's assessment and opinion about a claimant's limitations. Further, Dr. Espeland ordered MRIs of Plaintiff's cervical and lumbar spines and referred him for an EMG study related to his carpal tunnel syndrome, indicating his treatment of Plaintiff went beyond merely recertifying him for the Medical Marijuana Program. (A.R. 375; 383-385.) Contrary to the ALJ's statement that Dr. Espeland's examinations were minimal, and his findings based on Plaintiff's subjective complaints, Dr. Espeland's treatment notes indicated he performed physical examinations of Plaintiff, such as checking tendon reflexes and conducting a straight leg raise test and Tinel's test.

(A.R. 354, 356.) He also took note of Plaintiff's physical presentation, observing things such as Plaintiff's "ambulation was clearly off with a limp on the left side. He kind of had a wide based gait also" (A.R.353), he had "atrophy of the thenar and hypothenar muscles in both hands" (A.R. 354), and he had "reduced range of motion in both rotation and side bending in the neck" (A.R. 951).

Moreover, the ALJ's statement that the objective findings were nonspecific and conclusory, is contrary to the objective medical evidence. As the Court previously found, the objective medical evidence, including the MRIs that Dr. Espeland ordered, established Plaintiff's diagnosis of degenerative joint disease and degenerative disc disease in his lumbar spine and significant degenerative changes in his cervical spine. (*See* A.R. 573-574.) Likewise, Dr. Espeland's treatment notes and the other medical evidence of record clearly documented Plaintiff's history of carpal tunnel syndrome. (*See* A.R. 574-575.)

Accordingly, the Court finds the ALJ repeated the prior errors with regard to Dr. Espeland.

### B. The ALJ's Credibility Determination

Plaintiff next argues that the ALJ's credibility determination on remand was erroneous because the ALJ again failed to provide clear and convincing reasons for rejecting his testimony. The Commissioner counters that the ALJ reasonably evaluated Plaintiff's credibility.

12

The credibility of a claimant's testimony is analyzed in two steps. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective evidence of an impairment or impairments that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* Second, if there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if she provides "specific, clear and convincing reasons" for doing so. *Id.* "In order for the ALJ to find [the claimant's] testimony unreliable, the ALJ must make 'a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.'" *Turner v. Commissioner of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d at 722 (quoting *Lester*, 81 F.3d at 834)). *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). The clear and convincing standard "is not an easy requirement to meet: '[It] is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).

To assess a claimant's credibility, the ALJ may consider (1) ordinary credibility techniques, (2) unexplained or inadequately explained failure to seek or follow treatment or to follow a prescribed course of treatment, and (3) the

13

claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989). An ALJ may also take the lack of objective medical evidence into consideration when assessing credibility. *Baston v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). However, the ALJ may not reject a claimant's statements about the intensity and persistence of their pain or other symptoms "solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. § 404.1529(c)(2).

    Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause his symptoms, and there is no argument that Plaintiff is malingering. Therefore, the ALJ was required to cite specific, clear, and convincing reasons for rejecting Plaintiff's subjective testimony about the severity of his symptoms. The Court finds the ALJ failed to do so.

    The ALJ's discussion of Plaintiff's credibility on remand wholly lacks any specific findings. Rather, it is primarily comprised of a recitation of the medical evidence. (A.R. 399-403.) As the Court previously held, the ALJ "cannot properly reject Plaintiff's testimony by merely reciting the medical evidence in support of her RFC finding. *Brown-Hunter*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ must identify specifically which of the Plaintiff's statements she found not credible and which evidence contradicted that testimony." (A.R. 582.) It

appears that rather than address the deficiencies and inaccuracies in her prior order (A.R. 583-588), the ALJ chose to omit any specific discussion of Plaintiff's symptom testimony.

In *Brown-Hunter*, the ALJ paraphrased the claimant's testimony regarding her pain, and then devoted eight paragraphs to summarizing the medical evidence in the record. *Brown-Hunter*, 806 F.3d at 491. The ALJ concluded: "After careful consideration of the entire record, including the medical evidence and the testimony at the hearing, I find the functional limitations resulting from the claimant's impairments were less serious than she has alleged.... [While] the medical evidence supports a finding that the claimant's impairments ... impos[e] some restrictions, [they] did not prevent her from engaging in all work related activities." *Id.* The Ninth Circuit held the ALJ committed legal error because she "failed to identify which testimony she found not credible and why." *Id.* at 493.

Likewise, here, the ALJ paraphrased Plaintiff's hearing testimony and summarized his written submissions. (A.R. 398-399.) The ALJ then addressed Plaintiff's alleged back impairments. (A.R. 399.) Similar to *Brown-Hunter*, the ALJ made a general finding that Plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent because the objective medical evidence, as outlined below does not establish the debilitating nature of claimant's complaints. The evidence shows that prior to his established

15

onset date, the claimant retained the ability to perform some work with specific limitations to avoid exacerbation of the claimant's impairments." (A.R. 399.) Like *Brown-Hunter*, the ALJ went on to summarize the medical evidence in the subsequent eleven paragraphs. (A.R. 399-401.) Next, the ALJ addressed Plaintiff's carpal tunnel syndrome. (A.R. 401.) The ALJ made another general finding that "the evidence regarding the claimant's carpal tunnel syndrome indicates some limitations, but not to the extent alleged by the claimant" (A.R. 401), followed by another lengthy recitation of the medical evidence in the record. (A.R. 401-402.) The ALJ mentioned Plaintiff's activities of daily living in passing, but did not explain how such activities were inconsistent with his symptom testimony. (A.R. 406.) Nowhere in the ALJ's opinion did she identify what testimony she found not credible, or what evidence undermined the testimony.

  The Commissioner concedes that the ALJ's summary citation to Plaintiff's reported activities of daily living is an insufficient basis to discount Plaintiff's symptom testimony. (Doc. 13 at 11, n.4.) The Commissioner argues, however, that the ALJ sufficiently identified inconsistencies between Plaintiff's testimony and the medical evidence. In support of its argument, the Commissioner attempts to provide several after-the-fact justifications for the ALJ's conclusion. (*Id.* at 8-10.) For example, the Commissioner argues Plaintiff's testimony that his pain was

16

so bad it makes him nauseous everyday and causes him to occasionally throw up is inconsistent with treatment notes indicating his pain was controlled on medication. (*Id.* at 9.)  But the ALJ did not identify any such inconsistencies in her written opinion.  Rather, she simply stated her non-credibility conclusion and then summarized the medical evidence.

Although it might be inferred from the ALJ's summary of the medical evidence that she did not believe Plaintiff's symptom testimony, the Court is not permitted to make such inferences.  The Ninth Circuit has long held "we are constrained to review the reasons *the ALJ* asserts."  *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir.2003) (emphasis added).  Accordingly, the Court cannot affirm the ALJ's decision based on the post hoc rationalizations cited by the Commissioner.  *See Brown-Hunter*, 806 F.3d at 494 (explaining the district court may not draw inferences from the ALJ's summary of the medical record to find a basis for the adverse credibility determination where the ALJ did not himself draw those conclusions).

Without the required specificity, the Court cannot meaningfully review the ALJ's decision to determine whether the ALJ arbitrarily discredited Plaintiff's testimony.  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *Brown-Hunter*, 806 F.3d at 492 ("[A]lthough we will not fault the agency merely for explaining its decision with 'less than ideal clarity,' . . . we still demand that the agency set forth

the reasoning behind its decision in a way that allows for meaningful review.") (citation omitted); *Pinto v. Massanari,* 249 F.3d 840, 847-48 (9th Cir.2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.").

Because the ALJ failed to point to the specific parts of Plaintiff's testimony she found not credible, and failed to link that testimony to particular parts of the record, the ALJ erred.  As such, the Court finds that the ALJ's evaluation of Plaintiff's subjective symptom testimony is not supported by specific, clear, and convincing reasons.

### C.     The ALJ's Failure to Incorporate Impairments into Hypothetical Questions Posed to the Vocational Expert.

Finally, Plaintiff argues the ALJ again failed to incorporate all severe impairments into the hypothetical questions posed to the vocational expert.  The Commissioner did not address Plaintiff's argument.

Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant.  *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  "The testimony of a vocational expert 'is valuable only to the extent that it is supported by medical evidence.'" *Magallanes*, 881 F.2d 747, 756 (9th Cir. 189) (quoting *Sample*, 694 F.2d 639, 644 (9th Cir. 1982)).  If the assumptions in the hypothetical are not supported by the record, then the

vocational expert's opinion that the claimant has a residual working capacity has no evidentiary value. *Embrey*, 849 F.2d at 422

As discussed above, the Court has determined the ALJ failed to properly reconsider Dr. Espeland's opinion and failed to adequately support her reasons for discounting Plaintiff's symptom testimony. Accordingly, these errors may have infected the hypothetical the ALJ relied on, and in turn, the ALJ's determination that there was work Plaintiff could have performed prior to June 25, 2019.

Therefore, the Court finds the ALJ's determination at step five is not supported by substantial evidence.

## IV.  REMAND OR REVERSAL

Plaintiff asks the Court to reverse the decision and grant him benefits. "[T]he decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick*, 157 F.3d at 728. If the ALJ's decision "is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply

delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The Court finds remand for further proceedings is appropriate. On remand, the ALJ shall reconsider the weight she applies to Dr. Espeland's opinion, re-evaluate Plaintiff's credibility, and reconsider whether Plaintiff could perform work in the national economy prior to June 25, 2019 based upon a hypothetical that incorporates all his impairments and limitations supported by the record.

## V.   CONCLUSION

For the foregoing reasons, the Court orders that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

**IT IS ORDERED**.

DATED this 18th day of March, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge